## Commonwealth to use, Appellant, *v.* John Rooney et al.

*Constables—Return—Parol evidence to explain the return—Principal and
surety.*

In an action on a constable's bond to recover damages for the alleged
neglect of the constable to appraise or sell goods upon which he had levied,
parol evidence is admissible to explain the return of the constable, which
was unintelligible without such proof.

In this case the constable's return was as follows:  " Exemption
claimed by wife of defendant and A. S. Walters and Girard Walters and
C. R. Noyes, and indemnity refused by plaintiff."  *Held*, that parol evi-
dence was properly admissible to show that the personal property which
was levied upon was claimed by A. S. Walters, Girard Walters, and C. R.
Noyes as their property, and that the constable received written notices
of these claims ; that he then demanded indemnity from the plaintiff, and
that when this was refused the execution was returned without a sale.

Argued March 19, 1895.   Appeal, No. 126, July T., 1894, by
plaintiff, from judgment of C. P. Clinton Co., Feb. T., 1892,

No. 85, on verdict for defendants.   Before Sterrett, C. J., Green, Williams, McCollum and Fell, JJ.   Affirmed.

Assumpsit on the bond of a constable.

The court directed a verdict for defendants, upon which judgment was entered.   Plaintiff appealed.

The facts of the case appear in the opinion, Mayer, P. J., giving his reasons for directing a verdict for defendant, which was as follows :

" [After the evidence was closed the court directed a verdict for the defendants, being of the opinion that the plaintiff could not maintain his action.] [7]   On the 16th day of February, 1892, a summons in assumpsit on the official bond of John Rooney, constable of Noyes township, and C. R. Noyes, his surety, was issued.   The plaintiff filed a statement, in which, after reciting the bond, declares that the condition of said bond was broken by the constable in this,—that having an execution in his hands in favor of the plaintiff against one David Walters, dated Nov. 12, 1891, he made a levy upon certain articles of personal property, but did not sell said goods at public sale, nor did he summon three disinterested and competent persons to appraise the property levied upon, nor did he, on or before the return day of the execution, produce to the justice the receipt of the plaintiff, or make such other return to said execution as is sufficient and required by law, but on the 30th day of November, A. D. 1891, said constable made the following return to said execution, viz: ' Exemption claimed by wife of defendant and A. S. Walters and Girard Walters and C. R. Noyes, and indemnity refused by plaintiff."

" [On the trial of the case we allowed parol proof to be introduced to explain the return of the constable, which was unintelligible without such proof.   To this the plaintiff's counsel excepted on the ground that the return of the constable was conclusive, and could not be explained by parol testimony.   If this position of plaintiff's counsel is correct, and the court was in error in admitting said parol testimony, then the plaintiff has no case, and the return of the constable is conclusive that indemnity was refused by the plaintiff.] [8]   But in our opinion the parol evidence was admissible to explain the return, and it was shown that the personal property which was levied upon

was claimed by A. S. Walters, Girard Walters and C. R. Noyes, and that the constable received written notices of these claims, which were exhibited in evidence on the trial. [After these notices had been served on the constable he demanded indemnity from the plaintiff before he would proceed to sell the property.] [9] This was refused and no bond of indemnity tendered or offered to the constable and the execution was returned without a sale. It was the duty of the plaintiff to have tendered or offered a bond of indemnity to the constable, before he could make him liable on his bond for refusing to make a sale.] [10] Without determining whether this case comes within the purview of the 6th section of the act of March 21, 1772, [we are of the opinion that our instruction to find a verdict for defendants was right and just, as it is an attempt to make an officer liable without any default having been shown.] " [11]

*Errors assigned* were, among others, (1, 2) admission of evidence to explain the constable's return; (7–11) portions of opinion as above, quoting them.

*Seymour D. Ball,* for appellant, cited : Shover v. Funk, 5 W. & S. 457 ; Hall v. Galbraith, 8 W. 220 ; Shewel v. Fell, 4 Y. 47 ; Brownfield v. Com., 13 S. & R. 265 ; Miller v. Com., 5 Pa. 294 ; Foss v. Bogan, 92 Pa. 296 ; Fish v. Brown, 5 W. 441 ; Moore v. Miller, 8 Pa. 272 ; Clow v. Woods, 5 S. & R. 275 ; Young v. McClure, 2 W. & S. 147 ; Dewart v. Clement, 48 Pa. 413 ; Garman v. Cooper, 72 Pa. 32 ; Spangler v. Com., 16 S. & R. 68.

*Jesse Merrill,* for appellees, cited: Shoemaker v. Ballard, 15 Pa. 92 ; Henderson v. Henderson, 133 Pa. 410 ; Hall v. Galbraith, 8 Watts, 222 ; Corson v. Hunt, 14 Pa. 510 ; Bachman v. Fenstermacher, 112 Pa. 335 ; Lycoming Mut. Ins. Co. v. Sailer, 67 Pa. 108.

PER CURIAM, April 1, 1895 :

The learned president of the common pleas was clearly right in directing a verdict for the defendants ; and there is nothing in the record that would justify a reversal of the judgment entered thereon. We affirm it on the opinion of the court below.

Judgment affirmed.